May I reserve five minutes for rebuttal? Yes. Thank you. Your Honor, in the interest of alacrity, I will try to break my presentation up into a very short, three-part presentation. Just let go. I'll do my best. Counsel, I hate to do this, but something that, to me, might simplify the case. Of course. In the Essex case, when Essex sues H.A.S., the first case, Judge Tucker, she made it very clear in her order that she was ordering that Essex had no obligation to provide a defense or identify H.A.S. Toll Brothers' name isn't even mentioned in her order at all. Indeed. Toll was not named in violation of Rule 19, from my perspective, as a party. That's a waste of time. Is she okay? Yes. My question to you, there's two different ones. The first is, you argue very extensively that, notwithstanding that order, you had rights independent of H.A.S., that, notwithstanding the H.A.S. ruling, would give you a right of recovery. My question, are you challenging her decision, although it was by default, her decision that H.A.S. has no right to recovery? Yes. It wasn't clear from your point that you were doing that. It wasn't clear. And how, can you, let me... Do you want to litigate that whole issue over again? In part. I mean, our challenge would be on two fronts. One would be that H.A.S., that the issue of whether or not H.A.S. had lost its right to coverage was obviously made without any kind of adversarial proceeding, was made without discovery, and the issue turned on whether or not this one representation or omission in its application, which was that there was a pending litigation elsewhere involving claims, that was the basis for the denial of coverage and the rejection of policy. Our position is that there is a process by which that analysis has to be completed, and it's fact-based. It's an issue of whether or not the omission is material to the coverage. The omission involved... Well, how could it not be? The omission was that the claims involved the negligence and possibly the malfunctioning of the sprinkler head, isn't it? The omission was that there was a pending claim asserted by a supplier or vendor of H.A.S.'s relating to the sprinkler system. So that they don't work. That there was a problem with them. We don't actually know. We had a number of state court proceedings that related to why the sprinkler systems malfunctioned, and no definitive determination was ever made as to why they did malfunction. But you didn't intervene. You could have intervened. It was before the same judge. You could have intervened in the litigation between the insurance company and H.A.S., couldn't you? Which we moved to do. And two days after we moved to intervene, the motion for summary judgment, which was unopposed and with a default, was granted. When did you move to intervene? How far before she ruled on the H.A.S. suit? Well, two days before the motion was heard, but obviously the motion was filed. So you're arguing, I just want to make it clear, you're arguing A, that you have a right to litigate the issue of whether Essex had any obligation to H.A.S., and then your second argument is that even if that turns out to be correct, in other words, some court finds by any basis that H.A.S. has no rights, you still have rights that are independent of H.A.S. As an additional insurer, that is correct. In other words, even if she was correct in doing what she did on the merits, you still have rights based pretty much on that one clause that says you look at the... So it really comes down to this whole case, where all this complexity comes down to, is she correct in canceling, you know, are you bound by the decision that H.A.S.'s coverage is canceled? And then secondly, if you lose on that issue, you say, well, I'm entitled to coverage anyhow because of that severance clause at the end of the policy. And if I may add to that, Your Honor... That's your position. That is absolutely correct. And if I may add to that the simple caveat that in this context, we deserve the right to at least make those arguments, the right to at least present evidence, the right to go through discovery, the right to have due process, the right to fairness. We deserve that right and we didn't get it. Rule 19 specifically designates us in this context, especially given what happened afterwards, as a necessary party. Why then did Essex Insurance not choose the path that was the safest and the most secure and the fairest and just simply name us? Are you a privy? No. Are you in privity with H.A.S.? We are contractually connected, but we're certainly not in privity, especially with a party that didn't appear. Aren't people who contract... Isn't a contractor and two people who contract a billionaire, aren't they actually adverse parties? They're adverse, yes. I mean, by this classic adversity, if I enter a contract with you, at least for ethics purposes, you're adverse party. Exactly right. What would you... You said that what you want to do is go back and resurrect the contract which was basically ruled null and void in the underlying litigation. I'm just trying to picture how this would work. You've got one ruling which has not been appealed, which is now, I guess, down to a final judgment. Bankruptcy remedies aside, that this contract is void. Not voidable, but just void. And you would be arguing that an obligation, a contract which is void, never let us give you separate independent rights, even though a provision of that contract says that if the name insured is not covered, you're not covered. How would that work? As Judge Arenas indicated earlier... The severance clause. Right, the severability clause, which takes us as an additional insured, we have different rights. And that would have to be taken into consideration. Well, the real issue there, though, is whether that deals just with the operation of exclusions, or does it deal... And most of the cases that discuss that clause, and there's quite a few of them out there, deal with... You know, like if one partner doesn't cooperate, for instance, and the other one does, you can't use the non-cooperation of one insured against the insured who was cooperative. But that deals with the exclusions. The position of the other side is it doesn't deal with fraud in the inducement, which is really what their case was, a fraud in the inducement case. This deals merely with the operation of exclusions. It's a very murky clause, but if you go into the history of it, it's usually been applied to exclusions. The operation of exclusions in the policy hasn't been applied, that I could find at least, to a fraud in the inducement kind of situation. I agree that as a general concept, exclusions are the most likely issues to come up in insurance coverage cases, but it doesn't mean the same... No, no, this clause specifically, the operation of this very clause, because it appears in a lot of policies. In case law, absolutely correct, but in the event we are able to go back and retry this case and conduct the discovery we need to do, we would get underwriting files, we would depose underwriters, and we would find out exactly what the intention of that clause was in this context when you're applying it, not to exclusions exclusively, but to additional insured coverage. Because maybe it doesn't apply at all. Maybe that was never the intent of the underwriters. Doesn't it literally, are we talking about the same clause, doesn't it literally read your case away? I mean, it says, I think, if we're talking about the same thing. No, no, he's talking about the separability clause. I was talking about the one you're talking about. Oh, you're talking about the additional insured clause. It is further agreed that... In that case, let's turn to this. It says, it is further agreed that where no coverage shall apply herein for the named insured, no coverage nor defense shall be afforded to the above identified additional insured. Doesn't that say you don't get coverage? That clause makes perfect sense. For example, if I, as an additional insured, am covered for rain damage, but I'm not covered for snow damage, then the primary insured and the additional insured should have no greater or lesser coverage for those types of things. I don't think that clause, and it's not specific, there's no language anywhere in the policies that determines this issue, I don't think that applies to a situation where there was some... Where no coverage shall apply herein to the named insured. Not for the whole policy, but for a specific coverage item. You're saying that, but where do you see that in this language? It's ambiguous at best. But if you look at the entire fire suppression installation clause, the interest of the above, under that, as an additional insured under this policy, but only as respects negligent acts or omissions of the named insured and only for occurrences, claims, or coverages, not otherwise excluded in the policy. It seems like that is precisely the situation for which you are the named insured. Situations where there are negligent acts or omissions of the named insured, and only for occurrences, claims, or coverage, not otherwise excluded in the policy. In those situations, you are the named insured. Then you have this clause that says, where there's no coverage for HIS, it doesn't say that exactly, there's no coverage or defense shall be afforded to the above identified additional insured. You're arguing that it means, basically, if there's no... You're arguing it applies really in the context of what's an occurrence. That if there's water damage, and it's an occurrence vis-a-vis HIS, it's not necessarily an occurrence vis-a-vis the named insured. But that's not at all what it says. There are many instances where coverage would not be extended to the primary insured. Fraud, contract-based claims, intentional conduct, things like that. Negligent acts or omissions. How about negligent acts or omissions, particularly this contract. Negligent acts or omissions of the named insured. Right, and those are covered. And those should extend both to the primary and to the additional insured. But the clause at the end is a catch-all provision that just says, that applies to your additional insureds as well. You, for example, would not get that extra coverage for contract-based violations or for intentional acts. That's what I think that clause applies to. I don't think it applies to this instance, to this situation. Okay, thank you. Thank you very much. Good afternoon. May it please the Court. My name is George McCool on behalf of the appellees in this matter. I have to tell you, you have what has struck me about the most of the briefs. You have one of the great names of all times, George T. McCool. I mean, you can't get any better than that. Your Honor, at one point, both my first and last name were Saturday morning cartoons, which was not good for a 10-year-old boy. But in any event. Well, Junior kind of takes away from the panache of the McCool, but he can still work with it. You'll have to talk to my father about that, Your Honor. Your Honor, one of the things that you have to understand in this case is that this litigation, both the Essex v. Haas litigation and this Toll v. Haas did not come out of thin air. There was a great deal of underlying litigation, including the three matters that we're dealing with here and a number of others that dealt with this contract between Haas and Toll Brothers. First of all, the Court should be aware the policies of insurance run from June 26th to June 26th of 2003 to 2005. The additional insured certificate only ran from October 30th, 2003 to June 26th of 2004. None of the claims that we are here before the Court on occurred while the plaintiff was an additional insured. And two of the three didn't occur even when the policies were in existence. That's not really before us, is it? It is not, Your Honor. However, you have to understand that one of the things that counsel has thrown up to the Court is that he somehow got teched on this thing. And that understanding that he was aware of all that was going on in these underlying cases, including the discovery in those underlying cases of the documents that allowed me to file the declaratory action against Essex v. Haas. Let me go back to Judge Stapleton's question. Sure. I'm looking at the endorsement. Yes, Your Honor. And Judge Stapleton read the language that says, if further agreed that where no coverage shall apply, you're in for the name insured. No coverage, no defense, shall be afforded to the above, meaning Toll Brothers, additional insured. Yes, Your Honor. Let me ask you, does that basically kill your case? Now, my question to you, you've already heard it. Let's assume that a claim is made and Haas, maybe because they're bankrupt, just blows you off, doesn't cooperate with the insured. That's right. Doesn't do anything. There's an exclusion in the policy provision that if you don't cooperate with the insured, you lose your coverage, or the insurer, you lose your coverage. On the other hand, Toll Brothers does cooperate. They provide all, everything you need. They provide witnesses. They fill out whatever forms are required. And they do everything. Is it your position that because, that you would lead this  because Haas didn't cooperate, that Toll Brothers, who did everything they were supposed to do, loses its coverage? Your Honor, the distinction between Toll Brothers and Haas The distinction being No, no. First of all, answer the question. Your Honor, it depends on the facts, but it is possible that Toll could still be covered under those circumstances. Right. So there is at least some subtlety to that language. And the subtlety comes from the previous sentence, which says that as additional insurance policy, we respect negative and actual omissions of the name insured and only for occurrences, claims, or coverage not otherwise excluded in the policy. That's giving the inference that really means what they're saying here is that there's no rain damage coverage. Right. For Haas, there's no rain damage coverage. That you're looking at the coverage under the policy and you're not looking at independent acts. And that ties into the separation clause, really, which kind of carries that out in more detail. Except, Your Honor, the separation clause and the clause that you're reading from are not contradictory at all. They don't contradict each other. No, I, by the way, I don't necessarily disagree with you on that. Right. They don't contradict each other. And the clause in the additional insured endorsement could not be more clear as to what is going on here. And I think, Your Honor, the distinction being in the case that you're discussing, in the facts of this particular case, I would argue that it wouldn't because the dates don't work for the additional insured endorsement and it's not an occurrence and it's excluded pursuant to the business risk and all the other things that we argued in our motion for summary judgment that Judge Tucker did not get to in this matter. However, this matter occurred because the policy was voided, as omniscio, it was rescinded. It's as if this policy never existed, Your Honors, because of the material misrepresentation made by Haas in its application.   was that that HAS has no coverage. I mean, when I read it, the notion that a company has no coverage in the case of an insured endorsement that a company an insured who defaults because they have no money they don't care they're irrelevant they're indifferent to the outcome because they basically don't exist anymore that that could somehow rather be res judicata or against somebody even somebody in privity for that matter Your Honor, is a concept that is hard to swallow. The problem with that analysis, however, Your Honor, is what was Toll Brothers going to do in that under litigation? First of all, I would argue that they are not a necessary party. I'm not saying they are. Don't go into that. I'm not saying they're a necessary party. I'm just saying that you have HAS from the record appears to be defunct. They're not defending anything. Not just that case. No, all they're doing is saying basically submarine the defense of the other cases. Well, whatever it is, they don't really care. To say that a default judgment based on a default judgment against somebody who basically walked away from the case could somehow rather be rescued even against somebody in privity though I have trouble finding them being in privity but even if they were in some technical sense in privity just boggles my mind. Well Judge, there are all types of cases that have some impact on other cases but that doesn't give the party the right to intervene or to do anything. I'm not questioning, please, I'm not questioning her decision not to have the intervening. She may have had good reason for that. I'm not talking about necessary party or any of that. She made a judgment. The party defaulted. They didn't answer. She properly said, you didn't answer. There's allegations which support the relief. Saw it, I'm granting a default judgment. That's what she did and I'm not criticizing any of that. That's what I think I would have done in the same circumstances. Somebody makes a complaint, it's backed up by a complaint and everything. She says, in her order, fine, you HAS have no rights against Essex, period. Now we're going to the attempt to use that judgment against another party who wasn't, as my professor field from Maine said when I took civil procedure 50 years ago, you weren't there. You weren't there. Did they have civil procedure 50 years ago? 50 years ago and he said in trying to explain res judicata to me, you weren't there and if you weren't there, you can't be held responsible. Well, Toll Brothers, for whatever reason, wasn't there. I'm not saying she was wrong in not having her there. I'm merely saying they weren't there. Even if they were rightly not there, they weren't there. Well, Judge, if they were rightly not there, there is no issue. I would submit to the court. Well, why wouldn't there be? Because if they're rightly not there, the policy is now rescinded. There is no policy. And Judge, that was my question. I don't know where we go. That's binding on each issue. Why is it binding? I mean, the first requirement for rest judicata is the party had an opportunity to litigate the issue. That's why you have it. The claim preclusion is the same thing. That's why you have that preclusion. They were not even if she was right in saying, well, let them litigate it in a separate litigation on the issue. Why are they bound by the decision that a default judgment based solely on a company walking away, why are they bound by the decision that the policy is in fact rescinded? Judge, first of all, the default you keep saying, once there is the default, the court makes no distinction about the admissions of fact made under the complaint, whether it was a default or proved by evidence. And I think that clearly within that first complaint against Haas, there were sufficient grounds to show thousands of claims that were not true. You're making more of an equitable argument. It is an equitable doctrine, but it's not really claim preclusion. You don't have identity of parties. If anything, you've got adversity of parties. The issues, I'm trying to say, do you think you do have identity of parties? In one case, it's the right of Haas to coverage. The other is the right of Toll Brothers to coverage. Now, you're assuming kind of, you start from the reverse side. You're basically assuming those issues are co- with exclusions. You're dealing with specific areas. Here, we're dealing with a situation where the policy is gone. It's gone as to Haas. Haas cannot come back now and say, unless they can get the judgment set aside, it can't come back and say, you know, it really shouldn't have been set aside. But, he wasn't there. Except, your honor, the additional insured endorsement says, if there is no coverage for the additional insured, and we have the penultimate no coverage for this. That doesn't help, because then the issue is, do you hold that clause against somebody? I'm not going to say that. We didn't have an opportunity to defend. You may win in the end of the day. I mean, the end of the day. It was a common law in terms. So, first of all, I don't think he can argue that, your honor. Well, then we're back to claim inclusion. Let's assume that he's not bound by that judgment, that the policy no longer exists. But he loses it. In the end of the day, it turns out he really can't produce any evidence that it shouldn't be set aside. The new court reaches the same result. He can't get anything out of this case except         mean that the res judicata that you get anything extra out of res judicata. You're trying to get basically your evidence out of this case because they couldn't defend their actions as well. Your Honor, the fault or not the fault doesn't matter as to what's proven as a fact in this case. It's proven as a fact in this case that Haas materially misrepresented that it was material  underwriting of the file. And that in fact, Your Honor, it was one of the out You're saying it's proven because it's a judicial admission. That's correct. That doesn't help. That doesn't help. It doesn't get it. Your Honor, okay, then we'll go back to this. What would Toll have been able to do? Should they have been able to intervene in the Haas matter? Why should they have to intervene? Maybe Judge Tucker, I don't know, obviously, but maybe she said, look, this is a simple default case. Let's get them out of the case. They'll have no coverage. And let Toll bring its own actions and they can litigate whatever they want to litigate. Maybe Toll could show that the sprinklers were not defective. I don't know if that's the case, Your Honor. I don't know how  do that. Maybe there was a disclosure up front to the person who sold them the policy that let them know that there were, in fact, some allegations about these sprinklers. In this case, then, can we go to the provision here that res judicata, the purpose of it is so that my company or his company, for that matter, doesn't have to relitigate things over and over and over again. Your Honor, we've talked about, and I know you cut me off the last time, counsel was made aware of the ongoing nature of this litigation of the declaratory matter for more than 60 days after the fact. Your Honor, in preparation for today, I looked, I was involved in the underlying ort matter. I tried to intervene and, in fact, the court drugged me in kicking and screaming to a settlement conference where we discussed this very issue on April 16th and on April 11th I sent a written   judge  him to intervene and then follow . You may justify her decision not to let him intervene. I mean, you understand, I'm not suggesting that she was wrong in not letting him intervene. She may have had a choice, a procedural choice. I would submit that she did and she properly decided even if she hadn't said no. I don't see the connection between her decision to let him intervene or not intervene and the res judicata issue. Okay, we're running out of time here, gang, and I suggest to you the res judicata issue is the   I would suggest that you go to your alternative argument with respect to the contract language that I read some time back. Are you familiar with what I'm talking about? I'm not sure, Your Honor. It is further agreed that where no coverage shall apply here into the named insured, no coverage nor defense  afforded to the above identified additional insured. Yes, Your Honor. Now, you said you agreed in response to my colleague's question that that was not as all encompassing as would appear to me from the reading of the contract language. And he specifically talked about cooperate where one party cooperates and one party doesn't. Because in that case, the separability issue may come into play. In this case, I don't believe that that's true. Because in this case, we don't have those two provisions in the contract in contradicting each other. There are two separate portions of the contract at this time. And in this case, and also, Judge, I think there's a distinction to be made when you're dealing with something that goes on during the pendency of coverage and exclusions and possible different issues in there. Here we have no policy. There is no policy. It is gone. The policy was  in voice. I'm sorry, Your Honor? Again, it's gone as to HAS. That's the issue. You're jumping to the conclusion or legal argument you're making, which may be correct, and then putting that in as a statement of fact that the underlying policy is gone, the assumption being that it's gone doesn't exist at all, including AS 212 of this, but we're not so sure about that. That's what we're trying to figure out. Well, Your Honor, even based upon Judge Arenas' statement, it's definitely gone with regard to the name insured in this case. It's gone. Gone, gone,  gone. I think that provision pointed out by Judge Stapleman is absolutely applicable. There may be other circumstances where that wouldn't be the case that aren't present here, and I don't want to continue, but there are six or seven other arguments pursuant to the underlying terms of the policy, why this is the case. Thank you, Your Honor. Thank you very much. If I may briefly address some of the points that my adversary raised during his opposing arguments, first of all, with respect to the, I'll go in reverse order, the, he indicated that the circumstances here don't apply to control those two clauses in the agreement that we were talking about, but if he's talking about an issue of fact, is that not something that should have been determined? Is that not something for which discovery should have been conducted? Is that not something which should have been tried? Okay. The contract language itself is subject to dispute as to how it gets interpreted and applied. Whenever, the law is pretty clear throughout the Third Circuit that when, that, that insurance agreements are often considered to be contracts of adhesion because of the way they're formulated and put out there in the industry and the, there is a certain amount of deference given to the insured as to how those policy terms get interpreted. As a result, that, too, should be superimposed on top of the analysis. That was not done. The opportunity for that should be provided. Toll Brothers is claiming it was the victim of a policy of a contract of adhesion? In that category, it would give me a break? Toll is not as big as it once was. Well, nothing is. But that argument, if I can paraphrase something we said earlier, just isn't there. Or maybe the new idea under the contract  adhesion should be provided. Some additional factual discussion was introduced by my adversary in the opposition about the underlying cases and terms of coverage. Those two are fact issues. There are disputes as to how those work out. There are a number of situations in the communities in Bucks County and in Chester County where these systems failed, where insurance coverage should have been provided or at least we would argue should be provided. Toll has paid all those claims both in subrogation matters and in warranty matters and would look to HAS to make it whole. HAS, as Your Honor indicated, doesn't exist anymore. So our only alternative is to look to HAS as carriers. The carriers were in place for that purpose to ensure against those losses. All Toll is looking for at this point is the opportunity to make those arguments and it didn't get it. So that's what we're looking for here. Thank you. Thank you. Mr. Chairman, I appreciate what has been a very good argument and we will take that. Thank you. Thank you. Thank you. Thank you. Thank you. Thank you.